UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| KENNETH LEON McINTYRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 4:17-CV-63-TAV-SKL |
| | ) | |
| F/N/U GRINSTEAD, | ) | |
| MICHAEL SHARPE, | ) | |
| F/N/U FREEMAN deputy, | ) | |
| F/N/U STRANGE, | ) | |
| J. KIRK, | ) | |
| F/N/U FREEMAN, captain, | ) | |
| STEVEN GRAVES, and | ) | |
| F/N/U COLLINS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a *pro se* prisoner complaint under 42 U.S.C. § 1983 [Doc. 1]. Before transferring the case to this Court, the United States Court for the Middle District of Tennessee granted Plaintiff's motion to proceed *in forma pauperis* [Doc. 2]. The matter is now before the Court for screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, this action will proceed as to Plaintiff's excessive force claims against the officers and deputies at the Coffee County Jail in their individual capacities. Sheriff Steven Graves and Captain Freeman, however, will be dismissed, along with all Defendant officers and deputies in their official capacities.

## I. SCREENING THE COMPLAINT

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, dismiss *sua sponte* any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. BACKGROUND

On October 15, 2016, five deputies with the Coffee County Sheriff's Department "attacked" Plaintiff at the Coffee County Jail [Doc. 1 p. 8]. After the attack, Plaintiff was placed in handcuffs [*Id.*]. Plaintiff claims that he was attacked without provocation [*Id.*].

As a result of the attack, Plaintiff suffered a black eye, broken nose, and injuries to his head and toe [*Id.*]. Plaintiff alleges that the handcuffs were very tight [*Id.* at 9]. He further claims that he was denied lunch and medical care for his injuries [*Id.* at 10].

## III. ANALYSIS

Plaintiff has named as defendants Steve Graves, Sheriff of Coffee County, Captain Freeman, and six deputies. However, Defendants Sheriff Graves and Captain Freeman do not appear in the body of the complaint and the Court finds no specific allegations against them whatsoever.

Plaintiff does not allege that Defendants Sheriff Graves and Captain Freeman were responsible for, or even knew of, the alleged wrongdoings. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that in order to state a claim, the plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit has found that, "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to pro se complaints." *See Gilmore v. Corr. Corp. of Am.*, 92 Fed. App'x 188, 190 (6th Cir. 2004)

(dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

To the extent that Plaintiff has not specifically named Defendants Sheriff Graves and Captain Freeman as Defendants because he seeks to hold them liable based on their role in administration at Coffee County Jail, a theory of supervisory liability is unacceptable in a § 1983 case. *See Ashcroft v. Iqual*, 556 U.S. 662, 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed simply because a defendant "employs a tortfeasor"). The law is settled that § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Mich. Dept. of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995). At a minimum, "a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution" *Iqbal*, 556 U.S. at 676-77. Without any detail of specific actions or inactions of Defendants Sheriff Graves and Captain Freeman, this Court finds Plaintiff has failed to state a constitutional claim upon which relief may be granted as against these Defendants, and thus, Defendants Sheriff Graves and Captain Freeman will be **DISMISSED**.

Further, any claims against Defendants Grinstead, Michael Sharpe, Deputy Freeman, Strange, J. Kirk, and Collins, the officers and deputies at the Coffee County Jail,

4

in their official capacities is, essentially, a suit against Coffee County itself. *See, Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1989 WL 153076 (6th Cir. 1989). Coffee County is a "person" within the meaning of section 1983 and can be sued directly if it causes a constitutional violation through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. Plaintiff must show that his alleged injury was caused by an unconstitutional policy or custom of the municipality. *See, Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997), c*iting Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986). Here, Plaintiff failed to assert that any of the allegations asserted within his complaint were a result of an unconstitutional custom or policy of Coffee County. Thus, Plaintiff failed to state a claim against Defendants Grinstead, Michael Sharpe, Deputy Freeman, Strange, J. Kirk, and Collins, in their official capacities, or against Coffee County. These Defendants, in their official capacities will be **DISMISSED**.

Plaintiff's allegation of excessive force, however, against Defendants Grinstead, Michael Sharpe, Deputy Freeman, Strange, J. Kirk, and Collins, in their individual capacities, allow the Court to infer, at this early stage of litigation, that a constitutional violation may have occurred. Thus, the claim of excessive force against these officers and deputies in their individual capacities may proceed.

## IV. CONCLUSION

For the reasons set forth above:

1. Defendants Steven Graves and Captain Freeman are **DISMISSED** as Defendants in this action;

2. Defendants Grinstead, Michael Sharpe, Deputy Freeman, Strange, J. Kirk, and Collins, in their official capacities, are **DISMISSED** as Defendants in this action;

3. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Grinstead, Michael Sharpe, Deputy Freeman, Strange, J. Kirk, and Collins, in their individual capacities;

4. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty days of entry of this order;

5. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

6. Service on Defendants Grinstead, Michael Sharpe, Deputy Freeman, Strange, J. Kirk, and Collins, in their individual capacities, shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

7. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action may be dismissed;

8. Defendants Grinstead, Michael Sharpe, Deputy Freeman, Strange, J. Kirk, and Collins shall answer or otherwise respond to the complaint within twenty-one days from the date of service. If either of these Defendants fail to timely respond to the complaint, it may result in entry of judgment by default for that Defendant; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE