UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| KENNETH LEON MCINTYRE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 4:17-CV-63-TAV-SKL |
| F/N/U GRINSTEAD, MICHEAL SHARPE, F/N/U FREEMAN, F/N/U STRANGE, J. KIRK, and F/N/U COLLINS, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On January 8, 2020, the Court entered an order providing that Plaintiff would have fourteen (14) days from the date of entry of the order to show cause as to why this matter should not be dismissed for failure to prosecute [Doc. 16]. The Court also warned Plaintiff that if he failed to timely comply with that order, the Court would dismiss this action [*Id.* at 2]. More than fourteen (14) days have passed, and Plaintiff has not complied with this order.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999).

The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff likely has not received the order because he failed to update his address and/or monitor this action as this Court's orders and Local Rule 83.13 require.[1] As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has prejudiced Defendants, as Defendants have expended time and resources responding to Plaintiff's complaint only to have Plaintiff fail to abide by the Court's orders. Thus, this factor weighs in favor of dismissal.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order. This factor, therefore, weighs in favor of dismissal.

---

[1] Although the Court's order has not yet been returned, it was mailed to the same address of record as the previous order that was returned as "Undeliverable" two months after entry. [*See* Docs. 15 and 16].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective.  Plaintiff was a prisoner proceeding proceed *in forma pauperis* [Doc. 3], and he has not pursued this case since sending his service packets to the Court in September 2019 [*See* Doc. 11].

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

                                      s/ Thomas A. Varlan
                                      UNITED STATES DISTRICT JUDGE